# In the United States Court of Federal Claims

No. 14-1219V

(Filed Under Seal: November 28, 2016)

(Reissued: December 13, 2016)[1]

*************************************** *
                                                              *
JULIE MOUNTS, o/b/o and as next friend for M.M.,  *
                                                              *
                              Petitioner,                 *  Vaccine Act Case; Review of Claim
v.                                            *  for Attorneys' Fees and Costs;
                                                  *  Reasonable Basis for Filing;
                                                  *  Recovery of Fees by Unsuccessful
SECRETARY OF HEALTH AND               *  Petitioner, Standard of Review.
HUMAN SERVICES,                            *
                                                  *
                            Respondent.               *
                                                  *
                                                  *
*************************************** *

*Verne E. Paradie, Jr.*, Paradie, Sherman, Walker & Worden, Lewiston, Maine, for Petitioner.

*Christine M. Becer*, with whom were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *C. Salvatore D'Alessio*, Acting Director, and *Catharine E. Reeves*, Acting Deputy Director, Torts Branch, Civil Division, U.S. Department of Justice, Washington D.C., for Respondent.

OPINION AND ORDER

WHEELER, Judge.

      This vaccine case involves a challenge by the Petitioner Julie Mounts, on behalf of her daughter, M.M., to the Special Master's decision to deny an award of attorneys' fees and costs. Petitioner requested the award after voluntarily dismissing the underlying entitlement claim for

---

[1] Pursuant to Rule 18(b) of the Court's Vaccine Rules, this opinion and order was initially filed under seal. As required under the Rules, each party was afforded 14 days from the date of issue, until December 12, 2016, to object to the public disclosure of any information furnished by that party. Neither party submitted any proposed redactions.

lack of sufficient evidentiary support. For the reasons explained below, the Court affirms the decision of the Special Master.

### Background

In December 2014, Petitioner filed an action seeking compensation on behalf of her minor child, M.M., for injuries allegedly received from varicella, diphtheria-tetanus-acellular pertussis ("DTaP"), and meningococcal vaccines administered in May 2012. No medical records accompanied the petition. Petitioner requested and received multiple time extensions after missed deadlines, before submitting a complete set of M.M.'s medical records in September 2015 (although additional records were submitted through January 2016). In November 2015, Respondent filed its "Rule 4(c) Report" pursuant to the Vaccine Rules, and argued that Petitioner's submitted proof did not support her claims of vaccine injury. Dkt. No. 34. During the parties' February 2016 status conference, Respondent challenged the viability of Petitioner's claim, and the Special Master presented to Petitioner options for exiting the vaccine injury program. Dkt. No. 40. In March 2016, Petitioner moved to dismiss her petition citing an inability to prove that she was entitled to compensation, and the Special Master dismissed the case on the basis of insufficient proof. Mounts v. Sec'y Health & Human Servs., No. 14-1219V, 2016 WL 1558692 (Fed. Cl. Spec. Mstr. Mar. 25, 2016) ("Dismissal Decision").

Petitioner subsequently filed a motion for attorneys' fees and costs, seeking to recover approximately $8,700. Dkt. No. 48. Respondent opposed the Petitioner's motion, arguing that she lacked a reasonable basis for filing the petition, as required by the Vaccine Act. Dkt. No. 50. In May 2016, the Special Master issued the Decision under review here denying Petitioner's request for fees in its entirety. Mounts v. Sec'y Health & Human Servs., No. 14-1219V, 2016 WL 4540344 (Fed. Cl. Spec. Mstr. July 27, 2016) ("Fee Decision").

### Standard of Review

This Court has jurisdiction to review decisions of the Special Masters in accordance with 42 U.S.C. § 300aa-12(e)(1)-(2). The Court may set aside a Special Master's decision only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." § 300aa-12(e)(2)(B). A Special Master's decision on the award of attorneys' fees to unsuccessful petitioners is discretionary, and thus is reviewed under an abuse of discretion standard. Saxton v. Sec'y Health & Human Servs., 3 F.3d 1517, 1520 (Fed. Cir. 1993). If the Special Master "considered the relevant evidence, drew plausible inferences, and articulated a rational basis" for its decision on the award of attorneys' fees and costs, the Court will not find an abuse of discretion. Graham v. Sec'y Health & Human Servs., 124 Fed. Cl. 574, 578 (2015) (quoting Masias v. Sec'y Health & Human Servs., 634 F.3d 1283, 1290 (Fed. Cir.2011)).

### Law Governing Recovery of Fees

The Vaccine Act permits the award of attorneys' fees and costs even for unsuccessful petitioners, if the Special Master or Court determines that the petition was brought in good faith and also that there was a "reasonable basis" for the claim. § 300aa-15(e)(1). The question of having a reasonable basis to file is the focus of this review, since Petitioner's good faith in filing

has not been challenged. The statute sheds no further light on the meaning of "reasonable basis" in this context, and to date, the U.S. Court of Appeals for the Federal Circuit has not interpreted the meaning of that term for purposes of fee awards to unsuccessful vaccine petitioners. See Graham, 124 Fed. Cl. at 578-79; Chuisano v. United States, 116 Fed. Cl. 276, 285 (2014). Some guidance is provided by the fact that "[n]umerous special masters, as well as this court, have held that reasonable basis is an objective standard determined by the 'totality of the circumstances.'" Id. at 286 (citations omitted). An unsuccessful petitioner seeking fees has the burden to affirmatively demonstrate that the petition has a reasonable basis. McKellar v. Sec'y Health & Human Servs., 101 Fed. Cl. 297, 304 (2011), citing Perreira v. Sec'y of Health & Human Servs., 33 F.3d 1375, 1377 (Fed. Cir. 1994).

Special Master's Decision

The Special Master denied the requested fees and costs, finding that "Petitioner lacked a reasonable basis for pursuing her claim under the Vaccine Act." Fee Opinion, at 6. Had counsel for the Petitioner sought more complete medical records before filing the petition, the Special Master noted, this outcome would have been clear. The Special Master also found counsel's claim that he consulted M.M.'s medical records before filing questionable in light of the fact that medical records were not filed until four months after the petition. Id. Counsel's claim that the statute of limitations was soon to expire was also unavailing: because the statute of limitations would not expire for at least five months after the filing date, the Special Master concluded that counsel had sufficient time to further investigate M.M.'s medical history before filing. As to Petitioner's reliance on an allergist's opinion that M.M.'s symptoms of urticaria (also known as hives) were "idiopathic," the Special Master noted that "idiopathic" merely means that the injury is of unknown origin. She discredited the notion that a petitioner has a reasonable basis to pursue a claim for every medical condition of unknown origin so long as it follows a vaccination. The Special Master concluded that the petition "was supported by not more than Petitioner's representations, which ran directly contrary to her medical records." Id. at 7.

Arguments

In the Motion for Review, Petitioner argues that there was a reasonable basis for filing the vaccine injury claim, and that contrary to the Special Master's observations, counsel had reviewed some of the records at the time of filing as shown by the billing invoices. Petitioner further argues that her sworn affidavit supported her claims of injury following the vaccinations, although no medical records were filed with the petition. Petitioner asserts that the timing of onset is not determined solely by medical records and requires a consideration of circumstantial and direct evidence of causation.

Respondent counters that there was no reasonable basis for filing the petition. The medical records do not show that the timing of the claimed injuries was reasonably related to the date of vaccination; for example, medical records indicated that M.M. developed urticaria at least fourteen months after vaccination. Thus Petitioner's counsel should have been on notice that further investigation was needed to validate the vaccine injury claims before filing. Respondent also cites the Vaccine Act's pleading requirements under section 300aa-11, which requires specific supporting documentation at the outset of a case, and urges that this points to counsel's need to

"produce supporting evidence upon which to ground his own knowledge . . . as a condition precedent to an award of attorneys' fees."  Resp't. Mem., Dkt. No. 56, at 12.

### Discussion

In order to find an abuse of discretion in the Special Master's denial of fees in this case, a court would have to rule that a special master's decision was "clearly unreasonable," that it was based on an erroneous conclusion of law, "clearly erroneous," or that it contained no evidence on which the Special Master could have based her decision. Chuisano, 116 Fed. Cl. at 284, citing Murphy v. Sec'y Health & Human Servs., 30 Fed. Cl. 60, 61 (1993).  In this case, the Special Master clearly explained her view that Petitioner's counsel did not sufficiently investigate the records before filing, resulting in a vaccine claim without a reasonable basis.

For these reasons, the Court finds that the Special Master acted within her discretion in denying fees and costs, and her decision is hereby AFFIRMED.  Pursuant to Vaccine Rule 18(b), each party is afforded 14 days from the date of this decision to object to the public disclosure of any information submitted by that party.  After that period, this opinion will be released to the public.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge